IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50749
No. 95-50798
Summary Calendar
_____


DAVID GLENN BRAY,

                                        Plaintiff-Appellant,

versus

DENNIS WALKER, Sheriff;
EARLENE MOORE, Lt.; MARY
GILLESPIE,

                                        Defendants-Appellees,

and

DAVID GLENN BRAY,

                                        Plaintiff-Appellant,

versus

DENNIS WALKER, Sheriff;
EARLENE MOORE, Lt.,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC Nos. W-94-CV-347 and W-94-CV-263
- - - - - - - - - -
April 12, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

David Glenn Bray appeals from the district court's grant of summary judgments for the defendants in two civil rights suits. Bray argues that the district court erred by granting summary judgment on his claims that he was denied adequate medical treatment and denied access to a law library, that the district court erred by granting summary judgment without allowing him to complete discovery, and that the district court abused its discretion by failing to conduct an evidentiary hearing and to appoint counsel for Bray sua sponte. We have reviewed the record and find no reversible error. Accordingly, we affirm the court's grant of summary judgment on Bray's claim that he was denied adequate medical care for essentially the reasons stated by the district court.

The district court did not err by granting summary judgment before allowing Bray to conduct discovery because Bray never requested additional time for discovery nor has he made any specific argument on appeal to show that additional discovery would have allowed him to rebut the defendants' summary-judgment evidence. See International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266-67 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). Neither did the district court abuse its discretion by failing to appoint counsel and conduct an evidentiary hearing sua sponte. Bray's claim that his parole was revoked because he was denied access to a law library is not cognizable under 42 U.S.C. § 1983. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Finally, Bray's claims that he was forced to sleep on the floor because the jail was overcrowded; that he was harassed

and threatened; and that he was served half-cooked, cold food are deemed abandoned on appeal because they were not briefed.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.